**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JEREMY J. WALKER | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION |
| | ) | C.A. No. _____ |
| AMERIPRISE FINANCIAL SERVICES, | ) | |
| INC. | ) | |
| Respondent. | ) | |
| | ) | |

## PETITION AND MOTION TO VACATE ARBITRATION AWARD AND REMAND FOR EVIDENTIARY HEARING

Jeremy J. Walker ("Mr. Walker") petitions and moves this Court for an Order vacating an award pursuant to FINRA Rule No. 13904 that was rendered by a three-member Financial Industry Regulatory Authority ("FINRA") arbitration panel dismissing all of Mr. Walker's claims against the Respondent, Ameriprise Financial Services, Inc. ("Ameriprise"), in the arbitration *Jeremy J. Walker v. Ameriprise Financial Services, Inc.*, FINRA Case No. 17-01226 ("2017 Arbitration"). In addition, Mr. Walker moves this Court to remand Mr. Walker's unresolved claims for consideration by a different three-member FINRA arbitration panel.

## I.   THE PARTIES

1.      Petitioner, Mr. Walker, is an individual who resides at 3008 Freeman Lane, Crowley, Johnson County, Texas 76036. Mr. Walker is an "associated person", as that term is used in the FINRA Code of Arbitration Procedures for Industry Disputes, with a broker-dealer admitted to membership in FINRA.

2.      Respondent, Ameriprise, is a broker-dealer that provides wealth management and securities trading and sales and is a member of FINRA. Ameriprise is a Delaware

corporation, registered to do business in Texas. Its principal office is in the State of Minnesota. It may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## II.   <u>JURISDICTION AND VENUE</u>

3.      This Court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Petitioner, Mr. Walker, is a resident and citizen of the State of Texas. Respondent, Ameriprise, is a Delaware Corporation with its principal place of business in Minneapolis, Minnesota. Accordingly, complete diversity exists. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Venue is proper in this Court under Section 10(a) of the Federal Arbitration Act ("FAA") which provides that "the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration." Moreover, venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Mr. Walker's claims occurred in Dallas County.

5.      This Petition is brought as a predicate for a formal motion to vacate to be heard by the Court pursuant to 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."), and Petitioner's Brief in Support of its Motion to Vacate Arbitration Award and Remand for Evidentiary Hearing is being filed concurrently with this Petition and Motion.

6.      Under 9 U.S.C. § 12, this Petition was served on Respondent's attorney within three months after the arbitration panel issued the award as required by the FAA. This service

on Respondent's attorney will be made as provided by statute in the same fashion as provided by law as a notice of motion in an action in this Court.

### III.  PROCEDURAL AND FACTUAL BACKGROUND

7.  For the history of the events leading up to the filing of this Petition and Motion and the background facts related thereto, see Petitioner's Brief in Support of his Motion to Vacate Arbitration Award and Remand for Evidentiary Hearing that is being filed concurrently with this Petition and Motion.

### IV.  MOTION FOR VACATING THE AWARD AND REMANDING MR. WALKER'S CLAIMS TO A DIFFERENT ARBITRATION PANEL

8.  This Motion to Vacate the award entered in the 2017 Arbitration ("Award") is being brought under 9 U.S.C. § 10, which permits this Court to vacate the Award in the event that (1) the arbitrators exceeded their authority by disregarding the express requirements of FINRA Rule No. 13504; (2) the arbitrators engaged in misconduct by refusing to hear evidence pertinent and material to matters in controversy; and (3) the arbitrators imperfectly exercised their authority by failing to enter a final and definite award.

9.  Under 9 U.S.C. § 10, this Court should vacate the Award because the arbitrators exceeded their authority under FINRA Rule No. 13504(a)(6)(C) by dismissing Mr. Walker's claims that had never been brought before any panel or fully and finally adjudicated on their merits by any panel or other tribunal.

10.  Under 9 U.S.C. § 10, this Court should vacate the Award because the FINRA arbitration tribunal engaged in misconduct by refusing to allow the parties to conduct discovery on matters related to Petitioner's newly filed claims, and by refusing to conduct an evidentiary hearing on Petitioner's newly filed claims.

11.     Under 9 U.S.C. § 10, this Court should vacate the Award because the 2017 Arbitration Panel failed to enter a final and definite award because the Award dismissed Mr. Walker's claims before they had been fully and finally adjudicated on their merits, as required by FINRA Rule No. 13504(a)(6)(C).

## V.   **ORAL ARGUMENT**

12.     Petitioner Jeremy J. Walker respectfully requests that the Court permit oral argument on this Petition and Motion.

## VI.   **PRAYER FOR RELIEF**

13.     Petitioner Jeremy J. Walker respectfully requests that the Court enter an Order:

   a.   Vacating the Award issued in FINRA Case No. 17-01226 on April 9, 2018;

   b.   Remanding the arbitration to FINRA with instructions that the parties shall select a new FINRA panel to complete discovery and conduct a final evidentiary hearing on Mr. Walker's claims against Ameriprise;

   c.   Taxing costs against Ameriprise;

   d.   Requiring Ameriprise to repay Mr. Walker the amount of $15,000 for attorneys' fees that were erroneously awarded to Ameriprise as sanctions by the arbitrators; and

   e.   Granting such other and further relief as the Court deems proper.

Dated: June 26, 2018

                        Respectfully submitted,

                        COTTEN SCHMIDT & ABBOTT, L.L.P.

                        By: _____

Brian D. Esenwein, J.D., C.P.A.
State Bar No. 06665900
besenwein@csa-lawfirm.com

Sally A. Helmer
State Bar No. 24000090
shelmer@csa-lawfirm.com

Andrew D. Lewis
State Bar No. 24094802
alewis@csa-lawfirm.com

100 Energy Way, Suite 2000
Fort Worth, Texas 76102
Telephone: 817-338-4500
Fax: 817-338-4599

**COUNSEL FOR THE PETITIONER
JEREMY J. WALKER**

## CERTIFICATE OF CONFERENCE

I certify that on May 7, 2018, I, Brian Esenwein, the undersigned counsel for Petitioner Walker conferred with Defendant's Counsel, Danya Blair, on the merits of this Petition and Motion, and Ms. Blair stated that she was opposed to Petitioner's Motion.

By: _____

## VERIFICATION

STATE OF TEXAS           )
                         )
COUNTY OF TARRANT        )

BEFORE ME, the undersigned authority, on this day personally appeared, Brian D. Esenwein, who under oath states that he is the duly authorized representative of Jeremy J. Walker on whose behalf the foregoing Petition and Motion is filed, and that to the best of his own knowledge, the factual statements contained therein are true and correct.

By: _____

SUBSCRIBED AND SWORN TO BEFORE ME on this the 26th day of June 2018, to certify which witness my hand and official seal of office.



CLAUDIA M. GOETZ
Notary Public, State of Texas
Comm. Expires 03-21-2022
Notary ID 131497888

_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

On June 26, 2018 I electronically submitted the foregoing document with the clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all Counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2). Following the confirmation of the filing and acceptance of this Petition, Petitioner's Counsel will send Respondent's Counsel a waiver of service of summons.

By: _____